SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section
TIMOTHY D. BICHE (Cal. Bar No. 293363)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-7354
    Facsimile: (213) 894-7819
    E-mail:    timothy.biche@usdoj.gov

Attorneys for Real Party-Defendant in Interest
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANIEL ADAM BORSOTTI,<br><br>       Plaintiff,<br><br>       v.<br><br>FERNANDO MANZANO OLGUIN, HEIDI JANE OLGUIN, OLGUIN TRUST,<br><br>       Defendants. | Case No.  CV17-6052<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[28 U.S.C. §§ 1442(a)(1), 1442(a)(3)] |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1442(a)(3), the real party-defendant in interest United States of America, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to this Honorable Court. The grounds for removal are as follows:

1. On October 12, 2016, Plaintiff Daniel Adam Borsotti filed a lawsuit against several defendants in the United States District Court for the Central District of California regarding the foreclosure of certain real property (the "Underlying Action"). *See Borsotti v. Bray*, Case No. 16-cv-07603 (C.D. Cal.). The case was assigned to Judge Fernando M. Olguin, who presided over the Underlying Action until May 31, 2017, when Judge Olguin entered judgment in favor of the defendants.

2. On July 10, 2017, Plaintiff filed a lawsuit in the Superior Court of the State of California for the County of Los Angeles against Judge Olguin; Judge Olguin's wife, Heidi Jane Olguin; and the Olguin Trust. Plaintiff asserts fourteen causes of action against Judge Olguin for "quo warranto," alleging that certain orders issued by Judge Olguin in the Underlying Action were issued "without leave of court in violation of the requirement of a court of record." (*E.g.*, Compl. (Ex. 1) ¶¶ 7, 13, 99.) Plaintiff asserts an additional unspecified cause of action against all defendants alleging that Judge Olguin was "running third-party interference" on behalf of certain defendants in the Underlying Action, and that the interference caused certain injuries to Plaintiff. (*Id.* ¶¶ 90, 102.) All claims in Plaintiff's latest suit arise from Judge Olguin's actions within his official capacity as a United States District Court Judge in the Underlying Action. A copy of the State Court Summons and Complaint is attached hereto as Exhibit 1.[1]

---

[1] The Complaint identifies a home address, which has been redacted from Exhibit 1.

3. This action may be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of civil actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity" to the district court embracing the place where the action is pending. This action may also be removed pursuant to 28 U.S.C. § 1442(a)(3), which authorizes the removal of civil actions against "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."

4. Because Plaintiff brought this action in Los Angeles County, this Court is the proper court to hear this action.

5. Given that Judge Olguin was acting in his official capacity with respect to the actions alleged in Plaintiff's Complaint, the United States is the real party-defendant in interest herein. As the real party-defendant in interest, the United States is entitled to remove this action. *See, e.g.*, *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96–97 (2d Cir. 2014) ("The unstated premise . . . is that the concept of a 'real party defendant in interest' is not only entirely valid, it is an important aspect of removal jurisprudence, despite the absence of the phrase from Rule 17 or elsewhere in the Federal Rules of Civil Procedure.").

6. As the real party-defendant in interest, the United States intends to assert a defense based on federal law. Specifically, the United States intends to argue that Plaintiff's claims are bared because Judge Olguin's actions in the Underlying Action are protected by judicial immunity. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385 (9th Cir. 1987).

7. As of the time of filing, Plaintiff has not served the Complaint or any other documents on the defendants. Accordingly, the time for this case to be removed pursuant to 28 U.S.C. § 1446(b) has not yet begun to run.

8. Promptly after filing this notice, the United States will give written notice of removal to the Plaintiff and the clerk of the state court. *See* 28 U.S.C. § 1446(d).

9. Because this notice is filed on behalf of the United States of America, no bond is required. 28 U.S.C. § 2408.

WHEREFORE, the United States removes this action, now pending in the Superior Court of the State of California for the County of Los Angeles, Case No. PC057858, to the United States District Court for the Central District of California.

Dated: August 15, 2017

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Assistant United States Attorney
Chief, General Civil Section


    /s/ Timothy D. Biché
TIMOTHY D. BICHE
Assistant United States Attorney

Attorneys for Real Party-Defendant in Interest
United States of America