# SUMMONS
## (CITATION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** *Fernando Monzano Olguin*
**(AVISO AL DEMANDADO):** *Heidi Jane Olguin*
*Olguin Trust*

**FILED**
Superior Court of California
County of Los Angeles

JUL 10 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Jayshree J. Khatri

**YOU ARE BEING SUED BY PLAINTIFF:** *Claimant*
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

*Daniel Adam Borsotti*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: *9425 Painfield Avenue*
(El nombre y dirección de la corte es): *Chatsworth California*
*Superior Court of California*
*County Los Angeles, Chatsworth Carthouse*

CASE NUMBER:
(Número del Caso): **PC057858**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
*Daniel Adam Borsotti, 10153 Riverside Drive, Toluca Lake, California*

DATE: JUL 10 2017   Sherri R. Carter   Clerk, by _____, Deputy   J. Khatri
(Fecha): *July 10th, 2017 :130PM*   (Secretario)   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other (specify):
4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

EXHIBIT 1

1.  Daniel Adam Borsotti
    10153 Riverside Drive
2.  Suite 501
    Toluca Lake, California
3.  661 312 3268
    Sui Juris
4.
5.
6.
7.
8.          *Q. B.*          SUPERIOR COURT OF CALIFORNIA
    *Chatsworth* ~~Van Nuys~~ Courthouse ~~East~~ - Los Angeles County
9.
10. Daniel Adam Borsotti,          )   Case No.:   PCO 57 858
                                    )
11.    Claimant,                    )   QUO WARRANTO;
                                    )   CASE;
12.       vs.                       )
                                    )   Verified
13. Fernando Manzano Olguin,        )
    Heidi Jane Olguin,              )
14. Olguin Trust,                   )
                                    )
15.    Defendants.                  )
                                    )
16. _____)
17.
18. 1.   I am Daniel Adam Borsotti, one of the people of the State of
19. California, and in this court of record claim against Defendant
20. Fernando Manzano Olguin (hereinafter Olguin), Heidi Jane Olguin
21. (hereinafter Jane), and Olguin Trust (hereinafter Trust).
22.
23. 2.   On January 20, 2017, Claimant Borsotti filed a First Amended
24. Claim in the United States District Court.  The court was
25. established as a court of record. [1] In a court of record a
26.
27. ─────────────────
    [1] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte
    Page 1 of 30

    ----------------------------------------------------------------

    QUO WARRANTO; CASE (VERIFIED)

    6                                              EXHIBIT 1

1. magistrate, such as a judge, [2] may not exercise any discretion
2. nor make any decisions that belong to the tribunal.   His
3. function is purely ministerial. [3]   Discretion is reserved to the
4. court's tribunal.

6. 3.   Further, whenever a party's jurisdiction is questioned, the
7. burden of proof is on that party to prove jurisdiction before it
8. may proceed one step further. [4]

10. 4.   In each of the following causes of action paragraphs 1
11. through 3 are incorporated by reference as though fully stated
12. therein.

14. 5.   In each of the following causes of action where a reference
15. to a PACER Docket No. is stated, a true and correct copy of the
16. court document is available for inspection upon request.

18. //////////

20. //////////

Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[2] "MAGISTRATE. An official entrusted with administration of the laws." Merriam-Webster On-Line Dictionary" "MAGISTRATE. Person clothed with power as a public civil officer.   State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So. 628, 630." Black's Law Dictionary, 4th Ed., 1103

[3] "A ministerial officer has a line of conduct marked out for him, and has nothing to do but to follow it; and he must be held liable for any failure to do so which results in the injury of another." Wall v. Trumbull, 16 Mich. 228

[4] "However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." . 6 Peters, 709; 4 Russell, 415; 3 Peters, 203-7" Cited by STATE OF RHODE ISLAND v. COM. OF MASSACHUSETTS, 37 U.S. 657, 718 (1838)

Page 2 of 30

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27.

## FIRST CAUSE OF ACTION

### CASE

### re Borsotti vs. Fernando Manzano Olguin;

### QUO WARRANTO [5]

6.   Olguin is the defendant in this Cause of Action.

7.   On January 27, 2017, Olguin obstructed court process by issuing a court order [6] without leave of court and in violation of the requirement of a court of record. [7] When Olguin obstructed the court process he was fully informed [8] of the definition of a court of record and his duties and his judicial limitations.

8.   Both claimant and defendant are denied justice (due process) because of Olguin's interference with the court of record.   In the meantime, Olguin's interference results in ongoing extrajudicial foreclosure and other processes against claimant.

---

[5] QUO WARRANTO. "A common law writ designed to test whether a person exercising power is legally entitled to do so. An extraordinary proceeding, prerogative in nature, addressed to preventing to continued exercise of authority unlawfully asserted. Johnson v. Manhattan Ry. Co., N.Y., 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331. It is intended to prevent exercise of powers that are not conferred by law, and is not ordinarily available to regulate the manner of exercising such powers." Black's Law Dictionary, SIXTH EDITION, 1256
   QUO WARRANTO, remedies. "By what authority or warrant. The name of a writ issued in the name of a government against any person or corporation that usurps any franchise or office, commanding the sheriff of the county to summon the defendant to be and appear before the court whence the writ issued, at a time and place therein named, to show 'quo warranto' he claims the franchise or office mentioned in the writ." Old Nat. Br. 149; . 5 Wheat. 291; 15 Mass. 125; 5 Ham. 358; 1 Miss. 115." A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier. Published 1856.

[6] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 71 by Olguin

[7] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[8] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 69 by the court

Page 3 of 30

--------------------------------------------------------------------------------------

QUO WARRANTO; CASE (VERIFIED)

9.   Maxim:   "[T]o none deny or delay, right or justice." [9] Olguin
has a duty to not conspire to "deny or delay, right or justice."
Olguin is duty bound to not violate the requirement of a court
of record.

10.   This cause of action along with the other causes of action
shows Olguin's pattern of disrespect, maliciousness, and
rebelliousness against the court of record.

11.   Claimant demands that the court find that Olguin was
completely without jurisdiction to issue any order which is in
the domain of the tribunal of a court of record.

SECOND CAUSE OF ACTION

CASE

re Borsotti vs. Fernando Manzano Olguin;

QUO WARRANTO

12.   Olguin is the defendant in this Cause of Action.

13.   On March 8, 2017, Olguin obstructed court process by
issuing a court order [10] without leave of court and in violation

---

[9] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

[10] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 84 by Olguin

Page 4 of 30

QUO WARRANTO; CASE (VERIFIED)

1. of the requirement of a court of record. [11] When Olguin

2. obstructed the court process he was fully informed [12] of the

3. definition of a court of record and his duties and his judicial

4. limitations.

5. 

6. 14.  Both claimant and defendant are denied justice (due

7. process) because of Olguin's interference with the court of

8. record.  In the meantime, again Olguin's interference results in

9. ongoing extrajudicial foreclosure and other processes against

10. claimant.

11. 

12. 15.  Maxim:  "[T]o none deny or delay, right or justice." [13]

13. Olguin has a duty to not conspire to "deny or delay, right or

14. justice."  Olguin is duty bound to not violate the requirement

15. of a court of record.

16. 

17. 16.  This cause of action along with the other causes of action

18. shows Olguin's pattern of disrespect, maliciousness, and

19. rebelliousness against the court of record.

20. 

21. 17.  Claimant demands that the court find that Olguin was

22. completely without jurisdiction to issue any order which is in

---

[11] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[12] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 79 by the court

[13] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

-------------------------------------------------------------------------------

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1. the domain of the tribunal of a court of record.

2.

3.                    THIRD CAUSE OF ACTION

4.                            CASE

5.           re Borsotti vs. Fernando Manzano Olguin;

6.                       QUO WARRANTO

7.

8. 18.   On March 15, 2017, Olguin obstructed court process by

9. issuing a court order [14] without leave of court and in violation

10. of the requirement of a court of record. [15] When Olguin

11. obstructed the court process he was fully informed [16] of the

12. definition of a court of record and his duties and his judicial

13. limitations.

14.

15. 19.   Both claimant and defendant are denied justice (due

16. process) because of Olguin's interference with the court of

17. record.   In the meantime, again Olguin's interference results in

18. ongoing extrajudicial foreclosure and other processes against

19. claimant.

20.

21. //////////

22.

23. ───────────────────

[14] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles),
Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 85 by Olguin

24.

25. [15] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of
the magistrate designated generally to hold it.  Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte
Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689"

26. Black's Law Dictionary, 4th Ed., 425, 426.

[16] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles),

27. Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 79 by the court

Page 6 of 30

─────────────────────────────────────────────

QUO WARRANTO; CASE (VERIFIED)

1.  20.   Maxim:   "[T]o none deny or delay, right or justice." [17]

2.  Olguin has a duty to not conspire to "deny or delay, right or

3.  justice."   Olguin is duty bound to not cause injury.

4.

5.  21.   He breached that duty.

6.

7.  22.   This cause of action along with the other causes of action

8.  shows Olguin's pattern of disrespect, maliciousness, and

9.  rebelliousness against the court of record.

10.

11.  23.   Claimant demands that the court find that Olguin was

12.  completely without jurisdiction to issue any order which is in

13.  the domain of the tribunal of a court of record.

14.

15.                    FOURTH CAUSE OF ACTION

16.                              CASE

17.          re Borsotti vs. Fernando Manzano Olguin;

18.                        QUO WARRANTO

19.

20.  24.   On March 22, 2017, Olguin obstructed court process by

21.  issuing a court order [18] without leave of court and in violation

22.  of the requirement of a court of record. [19] When Olguin

23.

24.  [17] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

25.  [18] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 88 by Olguin

26.  [19] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of

27.  the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

Page 7 of 30

1. obstructed the court process he was fully informed [20] of the
2. definition of a court of record and his duties and his judicial
3. limitations.
4.
5. 25.  Both claimant and defendant are denied justice (due
6. process) because of Olguin's interference with the court of
7. record.  In the meantime, again Olguin's interference results in
8. ongoing extrajudicial foreclosure and other processes against
9. claimant.
10.
11. 26.  Maxim:  "[T]o none deny or delay, right or justice." [21]
12. Olguin has a duty to not conspire to "deny or delay, right or
13. justice."  Olguin is duty bound to not cause injury.
14.
15. 27.  He breached that duty.
16.
17. 28.  This cause of action along with the other causes of action
18. shows Olguin's pattern of disrespect, maliciousness, and
19. rebelliousness against the court of record.
20.
21. 29.  Claimant demands that the court find that Olguin was
22. completely without jurisdiction to issue any order which is in
23. the domain of the tribunal of a court of record.
24.

---

25.
26. [20] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 87 by the court
27. [21] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

Page 8 of 30

------------------------------------------------------------

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

# FIFTH CAUSE OF ACTION

## CASE

### re Borsotti vs. Fernando Manzano Olguin;

#### QUO WARRANTO

30.   On March 29, 2017, Olguin obstructed court process by issuing a court order [22] without leave of court and in violation of the requirement of a court of record. [23] When Olguin obstructed the court process he was fully informed [24] of the definition of a court of record and his duties and his judicial limitations.

31.   Both claimant and defendant are denied justice (due process) because of Olguin's interference with the court of record.   In the meantime, again Olguin's interference results in ongoing extrajudicial foreclosure and other processes against claimant.

32.   Maxim:   "[T]o none deny or delay, right or justice." [25] Olguin has a duty to not conspire to "deny or delay, right or

---

[22] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 91 by Olguin

[23] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[24] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 89 by the court

[25] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

Page 9 of 30

---

1. justice." Olguin is duty bound to not cause injury.

2.

3. 33. He breached that duty.

4.

5. 34. This cause of action along with the other causes of action

6. shows Olguin's pattern of disrespect, maliciousness, and

7. rebelliousness against the court of record.

8.

9. 35. Claimant demands that the court find that Olguin was

10. completely without jurisdiction to issue any order which is in

11. the domain of the tribunal of a court of record.

12.

13. SIXTH CAUSE OF ACTION

14. CASE

15. re Borsotti vs. Fernando Manzano Olguin;

16. QUO WARRANTO

17.

18. 36. On April 12, 2017, Olguin obstructed court process by

19. issuing a court order [26] without leave of court and in violation

20. of the requirement of a court of record. [27] When Olguin

21. obstructed the court process he was fully informed [28] of the

22. definition of a court of record and his duties and his judicial

---

[26] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 94 by Olguin

[27] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[28] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 92 by the court

Page 10 of 30

1.  limitations.

2.

3.  37.  Both claimant and defendant are denied justice (due

4.  process) because of Olguin's interference with the court of

5.  record.  In the meantime, again Olguin's interference results in

6.  ongoing extrajudicial foreclosure and other processes against

7.  claimant.

8.

9.  38.  Maxim:  "[T]o none deny or delay, right or justice." [29]

10. Olguin has a duty to not conspire to "deny or delay, right or

11. justice."  Olguin is duty bound to not cause injury.

12.

13. 39.  He breached that duty.

14.

15. 40.  This cause of action along with the other causes of action

16. shows Olguin's pattern of disrespect, maliciousness, and

17. rebelliousness against the court of record.

18.

19. 41.  Claimant demands that the court find that Olguin was

20. completely without jurisdiction to issue any order which is in

21. the domain of the tribunal of a court of record.

22.

23. //////////

24.

25. //////////

26. _____

27. [29] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

Page 11 of 30

--------------------------------------------------------------------------------

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1.

## SEVENTH CAUSE OF ACTION

2.

### CASE

3.

#### re Borsotti vs. Fernando Manzano Olguin;

4.

##### QUO WARRANTO

5.

6. 42. On April 20, 2017, Olguin obstructed court process by

7. issuing a court order [30] without leave of court and in violation

8. of the requirement of a court of record. [31] When Olguin

9. obstructed the court process he was fully informed [32] of the

10. definition of a court of record and his duties and his judicial

11. limitations.

12.

13. 43. Both claimant and defendant are denied justice (due

14. process) because of Olguin's interference with the court of

15. record. In the meantime, again Olguin's interference results in

16. ongoing extrajudicial foreclosure and other processes against

17. claimant.

18.

19. 44. Maxim: "[T]o none deny or delay, right or justice." [33]

20. Olguin has a duty to not conspire to "deny or delay, right or

21.

22. [30] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 95 by Olguin

23. [31] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of

24. the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

25.

26. [32] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 95 by the court

[33] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

27.

-------------------------------------------------------------

### QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1. justice." Olguin is duty bound to not cause injury.

2.

3. 45.   He breached that duty.

4. 46.   This cause of action along with the other causes of action

5. shows Olguin's pattern of disrespect, maliciousness, and

6. rebelliousness against the court of record.

7.

8. 47.   Claimant demands that the court find that Olguin was

9. completely without jurisdiction to issue any order which is in

10. the domain of the tribunal of a court of record.

11.

12. EIGHTH CAUSE OF ACTION

13. CASE

14. re Borsotti vs. Fernando Manzano Olguin;

15. QUO WARRANTO

16.

17. 48.   On May 1, 2017, Olguin obstructed court process by issuing

18. a court order [34] without leave of court and in violation of the

19. requirement of a court of record. [35] When Olguin obstructed the

20. court process he was fully informed [36] of the definition of a

21. court of record and his duties and his judicial limitations.

22.

23.

24. [34] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 97 by Olguin

25. [35] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

26.

27. [36] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 95 by the court

Page 13 of 30

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

49.   Both claimant and defendant are denied justice (due process) because of Olguin's interference with the court of record.   In the meantime, again Olguin's interference results in ongoing extrajudicial foreclosure and other processes against claimant.

50.   Maxim:   "[T]o none deny or delay, right or justice." [37] Olguin has a duty to not conspire to "deny or delay, right or justice."   Olguin is duty bound to not cause injury.

51.   He breached that duty.

52.   This cause of action along with the other causes of action shows Olguin's pattern of disrespect, maliciousness, and rebelliousness against the court of record.

53.   Claimant demands that the court find that Olguin was completely without jurisdiction to issue any order which is in the domain of the tribunal of a court of record.

NINTH CAUSE OF ACTION

CASE

re Borsotti vs. Fernando Manzano Olguin;

QUO WARRANTO

---

[37] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

Page 14 of 30

--------------------------------------------------

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

54. On May 9, 2017, Olguin obstructed court process by issuing a court order [38] without leave of court and in violation of the requirement of a court of record. [39] When Olguin obstructed the court process he was fully informed [40] of the definition of a court of record and his duties and his judicial limitations.

55. Both claimant and defendant are denied justice (due process) because of Olguin's interference with the court of record. In the meantime, again Olguin's interference results in ongoing extrajudicial foreclosure and other processes against claimant.

56. Maxim: "[T]o none deny or delay, right or justice." [41] Olguin has a duty to not conspire to "deny or delay, right or justice." Olguin is duty bound to not cause injury.

57. He breached that duty.

58. This cause of action along with the other causes of action shows Olguin's pattern of disrespect, maliciousness, and

---

[38] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 102 by Olguin

[39] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[40] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 98 by the court

[41] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

Page 15 of 30

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1.  rebelliousness against the court of record.

2.

3.  59.  Claimant demands that the court find that Olguin was

4.  completely without jurisdiction to issue any order which is in

5.  the domain of the tribunal of a court of record.

6.

7.                      TENTH CAUSE OF ACTION

8.                              CASE

9.              re Borsotti vs. Fernando Manzano Olguin;

10.                        QUO WARRANTO

11.

12.  60.  On May 16, 2017, Olguin obstructed court process by issuing

13.  a court order [42] without leave of court and in violation of the

14.  requirement of a court of record. [43] When Olguin obstructed the

15.  court process he was fully informed [44] of the definition of a

16.  court of record and his duties and his judicial limitations.

17.

18.  61.  Both claimant and defendant are denied justice (due

19.  process) because of Olguin's interference with the court of

20.  record.   In the meantime, again Olguin's interference results in

21.  ongoing extrajudicial foreclosure and other processes against

22.  claimant.

23.  _____
     [42] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles),
24.  Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 103 by Olguin

     [43] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of
25.  the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte
     Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689"
26.  Black's Law Dictionary, 4th Ed., 425, 426.

     [44] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles),
27.  Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 98 by the court

                              Page 16 of 30
     ----------------------------------------------------------------
                      QUO WARRANTO; CASE (VERIFIED)

                                  21                          EXHIBIT 1

1. 62. Maxim: "[T]o none deny or delay, right or justice." [45]

2. Olguin has a duty to not conspire to "deny or delay, right or

3. justice." Olguin is duty bound to not cause injury.

4.

5. 63. He breached that duty.

6. 64. This cause of action along with the other causes of action

7. shows Olguin's pattern of disrespect, maliciousness, and

8. rebelliousness against the court of record.

9.

10. 65. Claimant demands that the court find that Olguin was

11. completely without jurisdiction to issue any order which is in

12. the domain of the tribunal of a court of record.

13.

14. ELEVENTH CAUSE OF ACTION

15. CASE

16. re Borsotti vs. Fernando Manzano Olguin;

17. QUO WARRANTO

18.

19. 66. On May 24, 2017, Olguin obstructed court process by issuing

20. a court order [46] without leave of court and in violation of the

21. requirement of a court of record. [47] When Olguin obstructed the

22.

23. ───────────────

[45] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

24.

[46] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 106 by Olguin

25.

26. [47] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

27.

Page 17 of 30

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1. court process he was fully informed [48] of the definition of a

2. court of record and his duties and his judicial limitations.

3.

4. 67.   Both claimant and defendant are denied justice (due

5. process) because of Olguin's interference with the court of

6. record.   In the meantime, again Olguin's interference results in

7. ongoing extrajudicial foreclosure and other processes against

8. claimant.

9.

10. 68.   Maxim:   "[T]o none deny or delay, right or justice." [49]

11. Olguin has a duty to not conspire to "deny or delay, right or

12. justice."   Olguin is duty bound to not cause injury.

13.

14. 69.   He breached that duty.

15.

16. 70.   This cause of action along with the other causes of action

17. shows Olguin's pattern of disrespect, maliciousness, and

18. rebelliousness against the court of record.

19.

20. 71.   Claimant demands that the court find that Olguin was

21. completely without jurisdiction to issue any order which is in

22. the domain of the tribunal of a court of record.

23.

24.

25.

26.   [48] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 98 by the court

27.   [49] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

-----------------------------------------------------------------------------------

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT

## TWELFTH CAUSE OF ACTION

### CASE

### re Borsotti vs. Fernando Manzano Olguin;

### QUO WARRANTO

72.   On May 31, 2017, Olguin obstructed court process by issuing a court order [50] without leave of court and in violation of the requirement of a court of record. [51] When Olguin obstructed the court process he was fully informed [52] of the definition of a court of record and his duties and his judicial limitations.

73.   Both claimant and defendant are denied justice (due process) because of Olguin's interference with the court of record.   In the meantime, again Olguin's interference results in ongoing extrajudicial foreclosure and other processes against claimant.

74.   Maxim:   "[T]o none deny or delay, right or justice." [53] Olguin has a duty to not conspire to "deny or delay, right or justice."   Olguin is duty bound to not cause injury.

---

[50] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 107 by Olguin

[51] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[52] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 98 by the court

[53] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

---

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

75.  He breached that duty.

76.  This cause of action along with the other causes of action shows Olguin's pattern of disrespect, maliciousness, and rebelliousness against the court of record.

77.  Claimant demands that the court find that Olguin was completely without jurisdiction to issue any order which is in the domain of the tribunal of a court of record.

### THIRTEENTH CAUSE OF ACTION

### CASE

### re Borsotti vs. Fernando Manzano Olguin;

### QUO WARRANTO

78.  On May 31, 2017, Olguin obstructed court process by issuing a court order [54] without leave of court and in violation of the requirement of a court of record. [55] When Olguin obstructed the court process he was fully informed [56] of the definition of a court of record and his duties and his judicial limitations.

---

[54] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 108 by Olguin

[55] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[56] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 98 by the court

---

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1. 79.  Both claimant and defendant are denied justice (due

2. process) because of Olguin's interference with the court of

3. record.  In the meantime, again Olguin's interference results in

4. ongoing extrajudicial foreclosure and other processes against

5. claimant.

6.

7. 80.  Maxim:  "[T]o none deny or delay, right or justice." [57]

8. Olguin has a duty to not conspire to "deny or delay, right or

9. justice."  Olguin is duty bound to not cause injury.

10.

11. 81.  He breached that duty.

12.

13. 82.  This cause of action along with the other causes of action

14. shows Olguin's pattern of disrespect, maliciousness, and

15. rebelliousness against the court of record.

16.

17. 83.  Claimant demands that the court find that Olguin was

18. completely without jurisdiction to issue any order which is in

19. the domain of the tribunal of a court of record.

20.

21.                    FOURTEENTH CAUSE OF ACTION

22.                              CASE

23.          re Borsotti vs. Fernando Manzano Olguin;

24.                         QUO WARRANTO

25.

26. _____

27. [57] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

EXHIBIT 1

84. On May 31, 2017, Olguin obstructed court process by issuing a court order [58] without leave of court and in violation of the requirement of a court of record. [59] When Olguin obstructed the court process he was fully informed [60] of the definition of a court of record and his duties and his judicial limitations.

85. Both claimant and defendant are denied justice (due process) because of Olguin's interference with the court of record. In the meantime, again Olguin's interference results in ongoing extrajudicial foreclosure and other processes against claimant.

86. Maxim: "[T]o none deny or delay, right or justice." [61] Olguin has a duty to not conspire to "deny or delay, right or justice." Olguin is duty bound to not cause injury.

87. He breached that duty.

88. This cause of action along with the other causes of action shows Olguin's pattern of disrespect, maliciousness, and

---

[58] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 109 by Olguin

[59] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

[60] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 98 by the court

[61] Magna Carta, Clause 40, from "Select Historical Documents of the Middle Ages," as translated from "Stubb's Charters" by Ernest F. Henderson

---

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1. rebelliousness against the court of record.

2.

3. 89. Claimant demands that the court find that Olguin was

4. completely without jurisdiction to issue any order which is in

5. the domain of the tribunal of a court of record.

6.

7. FIFTEENTH CAUSE OF ACTION

8. CASE

9. re Borsotti vs.

10. Fernando Manzano Olguin, Heidi Jane Olguin, and Olguin Trust

11.

12. 90. Olguin is a defendant in this cause of action. He is

13. running third-party interference in behalf of Quality and

14. Quality's principal, Nationstar Mortgage Corporation

15. (hereinafter Nationstar). His alleged mission is to protect the

16. interests of Nationstar with which he has a financial

17. relationship.

18.

19. 91. Jane also is a defendant. She is alleged to be the wife of

20. Olguin. In form she shares with Olguin a community property

21. interest. In substance, she is the alter ego of Olguin. Jane

22. is joined as a protection to claimant against Olguin's unlawful

23. dissipation of assets or conveyances of property and thus

24. defraud legitimate creditors.

25.

26. 92. Olguin is employed as a "public servant". Jane is in

27. effect enjoying and living on the largess and unlawful spoils

--------------------------------------------------------------

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1. brought home by her husband as compensation for said husband's
2. violation of his Oath of Office and for his willing perversion
3. of the constitution.
4.
5. 93. Jane failed, refused or neglected to protect Claimant from
6. the conspiracy of her husband and said failure is intentional,
7. purposeful and malicious.
8.
9. 94. The acts of omission of said wife named above constitutes
10. an overt act of conspiracy to refuse to protect Claimant.
11.
12. 95. Said acts have caused mental and physical suffering,
13. insomnia, worry, financial insecurity, stress and strain in
14. relationships, in his work, with his family, relatives and
15. friends. Defendants' activities have impaired Claimant's credit
16. standing.
17.
18. 96. They have subjected him to public ridicule and
19. embarrassment.
20.
21. 97. The Trust is alleged to be a sham trust which is actually
22. the alter ego of Olguin and/or Jane. The Trust is joined as a
23. protection to claimant against the unlawful dissipation of
24. assets or conveyances of property in an attempt to defraud
25. legitimate creditors.
26.
27. 98. All three defendants (Olguin, Jane, and Trust) are linked

Page 24 of 30

1. by their commonality of interest in real estate over which they

2. maintain dominion.

3.

4. 99. On fourteen (14) different occasions [62] Olguin obstructed

5. court process by issuing bogus court orders without leave of

6. court, in violation of the prohibition [63] by the court of

7. record. [64] Under color of authority Olguin persists in

8. obstructing the court process, despite being repeatedly found

9. guilty of contempt of court, [65] despite repeatedly having his

10. bogus court orders rescinded with writs of error, [66] and despite

11. four (4) complaints to the Judicial Council of the Ninth

12. Circuit.

13. 100. Olguin is, or should be, fully informed [67] of the lawful

14. definition of a court of record [68] and his duties [69] and his

15.

16. _____

17. [62] See PACER, United States District Court, Central District of California, (Western Division – Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 71, 84, 85, 88, 91, 94, 95, 97, 102, 103, 106, 107, 108, & 109 by Olguin

18.

19. [63] See PACER, United States District Court, Central District of California, (Western Division – Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 69

[64] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of
20. the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689"
21. Black's Law Dictionary, 4th Ed., 425, 426.

22. [65] See PACER, United States District Court, Central District of California, (Western Division – Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 86, 90, 93, 95, 99 (re Contempt)

23. [66] See PACER, United States District Court, Central District of California, (Western Division – Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 79, 87, 89, 92, 95, & 98 (re Writ of Error)

24. [67] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 79, 86, 87, 89, 90, 92, 93, 95, 98, & 99,
25. which are writs and contempts issued by the court of record.

26. [68] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689"
27. Black's Law Dictionary, 4th Ed., 425, 426.

Page 25 of 30

--------------------------------------------------------------------
QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1.  judicial limitations. Olguin is either irresponsibly not
2.  reading the papers, or he is maliciously in full obstructive
3.  rebellion against the Anglo-American legal system and the court
4.  of record. Effectively, Olguin has converted the court process
5.  into a tourney testing the wills of the participants and
6.  himself. [70]

7.

8.  101. J.P. Morgan Chase was formerly a defendant in the Federal
9.  case and was dismissed when the first amended action was filed.
10. Claimant, on information and belief, alleges that Olguin has a
11. financial relationship with Quality's principal, J.P. Morgan
12. Chase. If Olguin respected the requirements of a court of
13. record such a relationship would not matter. However, every
14. bogus order that Olguin issued directly impacted the case and
15. indirectly benefited J.P. Morgan Chase through J.P. Morgan
16. Chase's agent, Quality.

17.

18. 102. In the meantime, Olguin's interference results in ongoing

19.

---

[69] See PACER, United States District Court, Central District of California, (Western Division -- Los Angeles), Borsotti v. Jay Bray, et al., Case No. 2:16-cv-07603-FMO-JC, Docket No. 69, by which the court of record defines the magistrate's duties.

[70] "Our concern is with the fair administration of justice. The record discloses not a rare flareup, not a show of evanescent irritation -- a modicum of quick temper that must be allowed even judges. The record is persuasive that, instead of representing the impersonal authority of law, the trial judge permitted himself to become personally embroiled with the petitioner. There was an intermittently continuous wrangle on an unedifying level between the two. For one reason or another, the judge failed to impose his moral authority upon the proceedings. His behavior precluded that atmosphere of austerity which should especially dominate a criminal trial, and which is indispensable for an appropriate sense of responsibility on the part of court, counsel and jury. Such an atmosphere will also make for dispatch insofar as is consonant with a fair trial. The manner in which this trial was conducted doubtless contributed to the wastefulness of 14 trial days for a case of such limited scope as was the *Peckham* prosecution.
    "We conclude that application of the rule pronounced in *Cooke v. United States* is called for." "...In the language of the *Cooke* case, with one appropriate change,
    "We think, therefore, that, when this case again reaches the District Court, to which it must be remanded, the judge who imposed the sentence herein should invite the [Chief Judge of the [District Court] to assign another judge to sit in the second hearing of the charge against the petitioner." Offutt v. United States, 348 U.S. 11, 17-18 (1954)

Page 26 of 30

---

1. extrajudicial foreclosure, bankruptcy, and other injuries to

2. claimant.

3.

4. 103. Despite an attempt to extend an olive branch to the judge,

5. he persisted in conducting his private war against the court.

6. See Exhibit 2, Letter from the Court to the Judge.

7.

8. 104. Maxim: "Justice delayed is justice denied." Both

9. claimant and defendant are denied justice (due process) because

10. of Olguin's interference with the court of record. Olguin is

11. duty bound to not issue any orders that are the prerogative of

12. the tribunal. [71]

13.

14. 105. Olguin breached that duty when he usurped the prerogative

15. of the tribunal. Hence, this action.

16.

17. 106. The measure of damages for the injury is $500,000 plus

18. $1,000,000 punitive damages for the malicious intent of Olguin.

19. The properties of Olguin are demanded, by court ordered title

20. transfer, to perfect the compensation for claimant's injuries.

21.

22. <u>LAW OF THE CASE</u>

23.

24. 107. Exhibit 1, *LAW OF THE CASE*, is included by reference as

25.

26. [71] A court of record is, "A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it. Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689" Black's Law Dictionary, 4th Ed., 425, 426.

27.

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1.   though fully stated herein.

2.

3.                    DEMAND FOR RELIEF

4.

5.   108.   WHEREFORE, Claimant prays judgment against Olguin, Jane,

6.   and Trust on each cause of action as follows:

7.

8.   109.   A declaratory judgment that Jane is the alter ego of

9.   Olguin;

10.

11.  110.   A declaratory judgment that the Trust is the alter ego of

12.  Olguin.

13.

14.  111.   A declaratory judgment that Olguin's actions were in

15.  excess of jurisdiction;

16.

17.  112.   A declaratory judgment that Olguin's actions constitute

18.  conduct prejudicial to the administration of justice and willful

19.  misconduct;

20.

21.  113.   A declaratory judgment that Olguin's actions show him as

22.  guilty of misconduct, not qualified to hold office in the court

23.  of record;

24.

25.  114.   A declaratory judgment that Olguin acted arbitrarily and

26.  capriciously, and acted not in accordance with law, but under

27.  color of law;

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1. | 115.   That Olguin be permanently enjoined from interfering in
2. | any way with Claimant's lawful right to enjoyment of his
3. | property and all other rights;
4.
5. | 116.   For aggregate general compensatory damages in the sum of
6. | $493,500;
7.
8. | 117.   For aggregate punitive damages of $987,000;
9.
10. | 118.   For the properties (land and structures), known and
11. | unknown, owned by Olguin, Jane, and/or Trust, as compensation
12. | for the injuries.   One said properties is commonly known as
13.
14. |          1225 MARENGO AVE SOUTH PASADENA CALIFORNIA;
15.
16. | 119.   That Olguin pay to Claimant the Claimant's attorney fees;
17.
18. | 120.   For interest as allowed by law;
19.
20. | 121.   For costs of suit incurred;
21.
22. | 122.   And such other and further relief as the court deems
23. | proper.
24.
25. | 123.   I am Daniel A. Borsotti.   I am the Claimant in this case.
26. | I have read and understand the foregoing writing.   I have
27. | personal knowledge of the foregoing facts and am competent to

Page 29 of 30

-------------------------------------------------------------

QUO WARRANTO; CASE (VERIFIED)

EXHIBIT 1

1. testify as to the truth of these facts if called as a witness.

2. I declare under penalty of perjury under the laws of the

3. California that the foregoing facts are true and correct.

4.

5. 124. July 4, 2017, Los Angeles County, California

6. *Daniel Adam Borsotti*

7. Daniel Adam   Borsotti

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

QUO WARRANTO; TRESPASS; CASE (VERIFIED)

EXHIBIT

LAW OF THE CASE

1.  The law of the case, so far as it is not repugnant to or inconsistent with the common law, is the rule of decision in this case and is decreed as follows:

2.  This court takes judicial cognizance of the following:

3.  JUDICIAL COGNIZANCE.  Judicial notice, or knowledge upon which a judge is bound to act without having it proved in evidence.  [Black's Law Dictionary, 5th Edition, page 760.].

4.  The sovereignty of the state resides in the people thereof... [California Government Code, Section 100(a)].

5.  The people of this state do not yield their sovereignty to the agencies which serve them.  [California Government Code, Sections 11120].

6.  The people of this State do not yield their sovereignty to the agencies which serve them. [California Government Code Section 54950.].

7.  Laws, whether organic or ordinary, are either written or unwritten.  [California Code of Civil Procedure, Section 1895.].

8.  The organic law is the Constitution of Government, and is altogether written.  Other written laws are denominated statutes.  The written law of this State is therefore contained in its Constitution and statutes...  [California Code of Civil Procedure, Section 1897].

9.  A written law is that which is promulgated in writing, and of which a record is in existence.  [California Code of Civil Procedure, Section 1896].

10.  Any judicial record may be impeached by evidence of a want of jurisdiction in the Court or judicial officer, of collusion between the parties, or of fraud in the party offering the record, in respect to the proceedings.  [California Code of Civil Procedure, Section 1916].

11.  A consequence of this prerogative is the legal *ubiquity* of the king. His majesty in the eye of the law is always present in all his courts, though he cannot personally distribute justice. (Fortesc.c.8. 2Inst.186)  His judges are the mirror by which the king's image is reflected.  1 Blackstone's Commentaries, 270, Chapter 7, Section 379.

12.  The people of this State, as the successors of its former

Page 1 of 8

EXHIBIT 1 -- LAW OF THE CASE

1  sovereign, are entitled to all the rights which formerly
   belonged to the King by his prerogative. [Lansing v. Smith, 4
2  Wend. 9 (N.Y.) (1829), 21 Am.Dec. 89 10C Const. Law § 298; 18 C
   Em.Dom. § 3, 228; 37 C Nav.Wat. §.219; Nuls § 167; 48 C Wharves
3  § 3, 7.].

4  13.  A consequence of this prerogative is the legal *ubiquity* of
   the king. His majesty in the eye of the law is always present in
5  all his courts, though he cannot personally distribute justice.
   (Fortesc.c.8. 2Inst.186) His judges are the mirror by which the
6  king's image is reflected. 1 Blackstone's Commentaries, 270,
   Chapter 7, Section 379.

7  14.  ....This declaration of rights may not be construed to
   impair or deny others retained by the people.  [California
8  Constitution, Article 1, Declaration Of Rights Sec. 24.].

9  15.  Per Preamble, California Constitution, November 11, 1889,
   "We, the people of the State of California, grateful to the
10 Supreme Ruler of the Universe for our liberties, do ordain this
   constitution".
11

12 16.  COURT. An agency of the sovereign created by it directly or
   indirectly under its authority, consisting of one or more
13 officers, established and maintained for the purpose of hearing
   and determining issues of law and fact regarding legal rights
14 and alleged violations thereof, and of applying the sanctions of
   the law, authorized to exercise its powers in the course of law
15 at times and places previously determined by lawful authority.
   [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's
16 Law Dictionary, 4th Edition, page 425].

17 17.  COURT OF RECORD. To be a court of record a court must have
   four characteristics, and may have a fifth. They are:
18
        A. A judicial tribunal having attributes and
19      exercising functions independently of the person of
        the magistrate designated generally to hold it [Jones
20      v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte
        Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See,
21      also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688,
        689][Black's Law Dictionary, 4th Ed., 425, 426].
22
        B. Proceeding according to the course of common law
23      [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229;
        Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J.
24      See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E.
        688, 689][Black's Law Dictionary, 4th Ed., 425, 426].
25
        C. Its acts and judicial proceedings are enrolled, or
26      recorded, for a perpetual memory and testimony. [3 Bl.
27
                        Page 2 of 8
   ─────────────────────────────────────────────────
28              EXHIBIT 1 -- LAW OF THE CASE

Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher,
C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225;
Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229;
Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229,
231].

D. Has power to fine or imprison for contempt. [3 Bl.
Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher,
C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225;
Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229;
Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229,
231.][Black's Law Dictionary, 4th Ed:, 425, 426].

E. Generally possesses a seal. [3 Bl. Comm. 24; 3
Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F.
481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S.,
D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis,
96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law
Dictionary, 4th Ed., 425, 426].

18.   "MAGISTRATE.   An official entrusted with administration of
the laws."   Merriam-Webster On-Line Dictionary"
"MAGISTRATE.   Person clothed with power as a public civil
officer.   State ex rel. Miller v. McLeod, 142 Fla. 254, 194 So.
628, 630."   Black's Law Dictionary, 4th Ed., 1103

19.   "Inferior courts" are those whose jurisdiction is limited
and special and whose proceedings are not according to the
course of the common law.   Ex parte Kearny, 56 Cal. 212; Smith
v. Andrews, 6 Cal. 652; 7 Cal.Jur. 578.

20.   CCP 1209.   (a) The following acts or omissions in respect
to a court of justice, or proceedings therein, are contempts of
the authority of the court:
        . . .
        3. Misbehavior in office, or other willful neglect or
violation of duty by an attorney, counsel, clerk, sheriff,
coroner, or other person [e.g. a judge or magistrate], appointed
or elected to perform a judicial or ministerial service;
        4. Abuse of the process or proceedings of the court,
or falsely pretending to act under authority of an order or
process of the court;
        5. Disobedience of any lawful judgment, order, or
process of the court;
        . . .
        8. Any other unlawful interference with the process or
proceedings of a court;
        . . .
        11. Disobedience by an inferior tribunal, magistrate,
or officer, of the lawful judgment, order, or process of a
superior court, or proceeding in an action or special proceeding

Page 3 of 8

**EXHIBIT 1 -- LAW OF THE CASE**

1  contrary to law, after such action or special proceeding is
   removed from the jurisdiction of such inferior tribunal,
2  magistrate, or officer.

3  21.  CCP 1211.  (a) When a contempt is committed in the
   immediate view and presence of the court, or of the judge at
4  chambers, it may be punished summarily; for which an order must
   be made, reciting the facts as occurring in such immediate view
5  and presence, adjudging that the person proceeded against is
   thereby guilty of a contempt, and that he be punished as therein
6  prescribed.
       When the contempt is not committed in the immediate view and
7  presence of the court, or of the judge at chambers, an affidavit
   shall be presented to the court or judge of the facts
8  constituting the contempt, or a statement of the facts by the
   referees or arbitrators, or other judicial officers. ....

9  22.  The following persons are magistrates: ...The judges of the
   superior courts.... [California Penal Code, Sec. 808.].
10

11 23.  ...our justices, sheriffs, mayors, and other ministers,
   which under us have the laws of our land to guide, shall allow
12 the said charters pleaded before them in judgement in all their
   points, that is to wit, the Great Charter as the common law....
13 Confirmatio Cartarum, November 5, 1297, *Sources of Our Liberties*
   Edited by Richard L. Perry, American Bar Foundation.

14 24.  Henceforth the writ which is called Praecipe shall not be
   served on any one for any holding so as to cause a free man to
15 lose his court.  Magna Carta, Article 34, from "Select
   Historical Documents of the Middle Ages," as translated from
16 "Stubb's Charters" by Ernest F. Henderson.

17 25.  "[T]o none deny or delay, right or justice." Magna Carta,
   Clause 40, from "Select Historical Documents of the Middle
18 Ages," as translated from "Stubb's Charters" by Ernest F.
   Henderson
19

20 26.  "The only inherent difference ordinarily recognized between
   superior and inferior courts is that there is a presumption in
21 favor of the validity of the judgments of the former, none in
   favor of those of the latter, and that a superior court may be
22 shown not to have had power to render a particular judgment by
   reference to its record."  Ex parte Kearny, 55 Cal. 212; 7
23 Cal.Jur 579 .

24 27.  "But when a court acts by virtue of a special statute
   conferring jurisdiction in a certain class of cases, it is a
25 court of inferior or limited jurisdiction for the time being, no
   matter what its ordinary status may be."  Heydenfeldt v.
26 Superior Court, 117 Cal. 348, 49 Pac. 210; Cohen v. Barratt, 5
   Cal. 195; 7 Cal. Jur. 579.

27                          Page 4 of 8
   _____
28           EXHIBIT 1 -- LAW OF THE CASE

28. "And if at a later time its acts are shown to have been in excess of the power conferred upon it or without the limits of this special jurisdiction, such acts are nugatory and have no binding effect, even upon those who have invoked its authority or submitted to its decision." Estate of Sutro, 143 Cal. 487, 77 Pac. 402; Heydenfeldt v. Superior Court, 117 Cal. 348, 49 Pac. 210; Long v. Superior Court, 102 Cal. 449, 36 Pac. 807; Neary v. Godfrey, 102 Cal. 338, 36 Pac. 655; Smith v. Westerfield, 88 Cal. 374, 26 Pac. 206; Umbarger v. Chaboya, 49 Cal. 525; 7 Cal.Jur. 579.

29. Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before court, People ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill.App. 2 Dist. 1994).

30. While voidable orders are readily appealable and must be attacked directly, void order may be circumvented by collateral attack or remedied by mandamus, Sanchez v. Hester, 911 S.W.2d 173, (Tex.App. - Corpus Christi 1995).

31. 42 USC § 12203. Prohibition against retaliation and coercion
(a) Retaliation No person shall discriminate against any individual because such individual has opposed
any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
(b) Interference, coercion, or intimidation
It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.
(c) Remedies and procedures The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively.

32. CCP 1209. (a) The following acts or omissions in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:
. . .
3. Misbehavior in office, or other willful neglect or violation of duty by an attorney, counsel, clerk, sheriff, coroner, or other person [e.g. a judge or magistrate], appointed

Page 5 of 8

**EXHIBIT 1 -- LAW OF THE CASE**

or elected to perform a judicial or ministerial service;
1           4. Abuse of the process or proceedings of the court, or falsely pretending to act under authority of an order or
2  process of the court;
           5. Disobedience of any lawful judgment, order, or
3  process of the court;
       . . .
4           8. Any other unlawful interference with the process or proceedings of a court;
5       . . .
          11. Disobedience by an inferior tribunal, magistrate,
6  or officer, of the lawful judgment, order, or process of a
    superior court, or proceeding in an action or special proceeding
7  contrary to law, after such action or special proceeding is
    removed from the jurisdiction of such inferior tribunal,
8  magistrate, or officer.

9  33.  "A ministerial officer has a line of conduct marked out for
    him, and has nothing to do but to follow it; and he must be held
10 liable for any failure to do so which results in the injury of
    another." Wall v. Trumbull, 16 Mich. 228
11

12 34.  Jurisdiction "However late this objection has been
    made, or may be made in any cause, in an inferior or
13 appellate court of the United States, it must be considered
    and decided, before any court can move one further step in
14 the cause; as any movement is necessarily the exercise of
    jurisdiction."  . 6 Peters, 709; 4 Russell, 415; 3 Peters,
15 203-7"  Cited by STATE OF RHODE ISLAND v. COM. OF
    MASSACHUSETTS, 37 U.S. 657, 718 (1838)
16

17 35.  CCP 1211.  (a) When a contempt is committed in the
    immediate view and presence of the court, or of the judge at
18 chambers, it may be punished summarily; for which an order must
    be made, reciting the facts as occurring in such immediate view
19 and presence, adjudging that the person proceeded against is
    thereby guilty of a contempt, and that he be punished as therein
20 prescribed.
    When the contempt is not committed in the immediate view and
21 presence of the court, or of the judge at chambers, an affidavit
    shall be presented to the court or judge of the facts
22 constituting the contempt, or a statement of the facts by the
    referees or arbitrators, or other judicial officers. ....
23

24 36.  "A ministerial officer has a line of conduct marked out for
    him, and has nothing to do but to follow it; and he must be held
25 liable for any failure to do so which results in the injury of
    another." Wall v. Trumbull, 16 Mich. 228

26 37.  "However late this objection has been made, or may be made
27 in any cause, in an inferior or appellate court of the United

Page 6 of 8

---

EXHIBIT 1 -- LAW OF THE CASE

28

States, it must be considered and decided, before any court can
move one further step in the cause; as any movement is
necessarily the exercise of jurisdiction." . 6 Peters, 709; 4
Russell, 415; 3 Peters, 203-7" Cited by STATE OF RHODE ISLAND
v. COM. OF MASSACHUSETTS, 37 U.S. 657, 718 (1838)

38.   QUO WARRANTO.  "A common law writ designed to test whether
a person exercising power is legally entitled to do so.   An
extraordinary proceeding, prerogative in nature, addressed to
preventing to continued exercise of authority unlawfuly
asserted.   Johnson v. Manhattan Ry. Co., N.Y., 289 U.S. 479, 53
S.Ct. 721, 77 L.Ed. 1331.   It is intended to prevent exercise of
powers that are not conferred by law, and is not ordinarily
available to regulate the manner of exercising such powers."
Black's Law Dictionary, SIXTH EDITION, 1256
     QUO WARRANTO, remedies. "By what authority or warrant. The
name of a writ issued in the name of a government against any
person or corporation that usurps any franchise or office,
commanding the sheriff of the county to summon the defendant to
be and appear before the court whence the writ issued, at a time
and place therein named, to show 'quo warranto' he claims the
franchise or office mentioned in the writ." Old Nat. Br. 149; .
5 Wheat. 291; 15 Mass. 125; 5 Ham. 358; 1 Miss. 115." A Law
Dictionary, Adapted to the Constitution and Laws of the United
States. By John Bouvier. Published 1856.

39.   "Our concern is with the fair administration of justice.
The record discloses not a rare flareup, not a show of
evanescent irritation. -- a modicum of quick temper that must be
allowed even judges. The record is persuasive that, instead of
representing the impersonal authority of law, the trial judge
permitted himself to become personally embroiled with the
petitioner. There was an intermittently continuous wrangle on an
unedifying level between the two. For one reason or another, the
judge failed to impose his moral authority upon the proceedings.
His behavior precluded that atmosphere of austerity which should
especially dominate a criminal trial, and which is indispensable
for an appropriate sense of responsibility on the part of court,
counsel and jury. Such an atmosphere will also make for dispatch
insofar as is consonant with a fair trial. The manner in which
this trial was conducted doubtless contributed to the
wastefulness of 14 trial days for a case of such limited scope
as was the *Peckham* prosecution.
     "We conclude that application of the rule pronounced in
*Cooke v. United States* is called for." "…In the language of the
*Cooke* case, with one appropriate change,
     "We think, therefore, that, when this case again reaches
the District Court, to which it must be remanded, the judge who
imposed the sentence herein should invite the [Chief] Judge of
the [District Court] to assign another judge to sit in the
second hearing of the charge against the petitioner." Offutt v.
United States, 348 U.S. 11, 17-18 (1954)

Page 7 of 8

**EXHIBIT 1 -- LAW OF THE CASE**

1   40.   If any claim, statement, fact, or portion in this action is
    held inapplicable or not valid, such decision does not affect
2   the validity of any other portion of this action.

3   41.   "Since when have we Americans been expected to bow
    submissively to authority and speak with awe and reverence to
4   those who represent us? The constitutional theory is that we the
    people are the sovereigns, the state and federal officials only
5   our agents. We who have the final word can speak softly or
    angrily. We can seek to challenge and annoy, as we need not stay
6   docile and quiet."  Colten v. Kentucky, 407 U.S. 104, 122; 92
    S.Ct. 1953, 32 L.Ed.2d 584 (1972) Mr. Justice Douglas
7   dissenting.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                            Page 8 of 8
                    EXHIBIT 1 -- LAW OF THE CASE
28

May 14, 2017

Daniel Borsotti
10153 Riverside Drive
Suite 501
Toluca Lake, California
661-312-3268

Hon. Fernando Manzano Olguin
Courtroom 6D, 6th Floor
350 West First Street
Los Angeles, CA 90012

In re:      Case # 2:16-cv-07603 FMO (JCx)
            Quality Loan Services Corporation

Dear Judge Olguin:

    We like having a judge sit on the bench in our court.
The reason is simple:  The court benefits by having the
wisdom and experience of a judge to counsel the court to
maintain consistency within the Anglo-American law system.

    We choose to believe that you have integrity of
office.  Perhaps you have not thoroughly read the papers on
file.  Those papers have a lot to say about our traditions.

    We do not wish for an escalating contest of wills.  We
understand the politics of the office.  It is important for
the judge to maintain his image among his peers.  We wish
to support that, while simultaneously being in accordance
with the traditions of the Anglo-American law system.

    Nor do we wish to be forced into choosing between the
judge and the law.  The law and a judge who follows the law
are adequate to assure due process for all parties without
a court internecine conflict.

    Do you think it's possible to bury the hatchets?  You
are invited to let the court know this week what you think
about this.

Yours truly,

Daniel Borsotti

7016 3010 0000 8961 4981

Daniel Borsotti
for the Court

# EXHIBIT 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Daniel Adam Borsotti
10153 Riverside Drive, Suite 501
Toluca Lake, California

TELEPHONE NO.: 661 312 3268   FAX NO. (Name):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 9425 Painfield Avenue
MAILING ADDRESS: Chatsworth California
CITY AND ZIP CODE:
BRANCH NAME: Chatsworth Courthouse

CASE NAME:
Daniel Adam Borsotti V. Fernando Olguin

**FOR COURT USE ONLY**

**FILED**
Superior Court of California
County of Los Angeles

**JUL 10 2017**

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Jayshree J. Khatri

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: PC057858 |
|---|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☒ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☒ Other petition (not specified above) (43)

2. This case ☒ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive

4. Number of causes of action (specify):

5. This case ☐ is ☒ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Daniel Adam Borsotti                     ▶ Daniel Adam Borsotti
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov American LegalNet, Inc. www.FormsWorkflow.com |
|---|---|---|

45

EXHIBIT 1

| SHORT TITLE: Borsotti v. Olguin | CASE NUMBER PC057858 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above. |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT 1

| SHORT TITLE: Borsotti V. Olguin | | CASE NUMBER | |
|---|---|---|---|

| | **A.** Civil Case Cover Sheet Category No. | **B.** Type of Action (Check only one) | **C.** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

47                                                        EXHIBIT 1

| SHORT TITLE: Borsotti V. Olguin | | CASE NUMBER |
|---|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8' |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☒ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints<br>(Not Specified Above) (42) | ☒ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☒ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☒ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: *Borsotti v. Olguin* | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☒8. ☐9. ☐10. ☐11. | ADDRESS: 27508 Sycamore Creek Dr. Santa Clarita, California |
|---|---|
| CITY: Santa Clarita | STATE: CA | ZIP CODE: 91354 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___North-West___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 07/10/2017

_Daniel Adam Borsotti_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

49                                                                                                    EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles

JUL 10 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Jayshree J. Khatri

COURTHOUSE ADDRESS:
CHATSWORTH COURTHOUSE

PLAINTIFF:
BORSOTTI

DEFENDANT:
OLGUIN

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
PC057858

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 12/07/2017 | Time: 08:30 A.M. | Dept.: F47 |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 07/10/2017

DAVID B. GELFOUND
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

**SHERRI R. CARTER**, Executive/Officer Clerk

Dated: 07/10/2017

By J. KHATRI
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730

LASC Local Rules, Chapter Three

EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

### Case Number _____

PC057858

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| ✓ | MELVIN SANDVIG | F47 | 2450 | | | | | |
| | | | | | | | | |
| | STEPHEN PFAHLER | F49 | 2650 | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on  07/10/2017          **SHERRI. R. CARTER**, Executive Officer/Clerk

By   J. KHATRI                              , Deputy Clerk

LACIV _____ 190 (Rev. 09/13)
LASC Approved 05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2
EXHIBIT 1
· 51